Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiff Heather Engelhardt*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Heather Engelhardt, <br><br> Plaintiff, <br><br> vs. <br><br> Colorado River Union High School District, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT** |

**COMES NOW** Plaintiff Heather Engelhardt in support of her Complaint against Defendant Colorado River Union High School District ("Defendant" or "District"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action to recover unpaid compensation and other appropriate relief from Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Arizona Wage Act ("AWA"), A.R.S. §23-350, *et seq.*, and the Arizona Minimum Wage Act ("AMWA"), A.R.S. §23-362, *et seq*. Plaintiff contends that Defendant failed to compensate Plaintiff at the state or federal minimum wage for all hours of work and withheld wages for work she performed during her employment.  Plaintiff seeks declaratory relief, backpay for

nonpayment and underpayment of wages, liquidated damages, attorney's fees and costs, and other relief available under the FLSA, AWA, AMWA, and any other applicable law.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's federal law claims is conferred on this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3. Jurisdiction over Plaintiff's state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in the District of Arizona.

## PARTIES

5. Defendant is a public school district with administrative offices located in Bullhead City, Mohave County, Arizona.

6. Plaintiff was at all times relevant to this action a resident of Mohave County, Arizona.

## FACTUAL BACKGROUND

7. On or about April 16, 2015, Plaintiff entered an Employment Agreement in which Defendant agreed to pay Plaintiff a base salary of $59,558.28 and Plaintiff agreed to serve as the Director of the Colorado River Union High School District Academy for the 2015/2016 school year.

8. Defendant drafted the Employment Agreement entered into between Plaintiff and Defendant on April 16, 2015.

9. The Employment Agreement included a Liquidated Damages provision stating:

> Employee [Plaintiff] recognizes that the District will incur expenses of securing a replacement and possibly costs for a substitute in the event Employee does not fulfill the obligations under this Contract. Employee

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

> and District agree these expenses, added to the emotional expense to the students who will not have the stability of a single teacher are difficult to determine and, therefore, that it is appropriate to assess an amount certain as liquidated damages. Employee and District agree that the liquidated damages which may be assessed against Employee for resigning, with or without District approval, during the term of this Contract shall be in the amount of fifteen (15%) of the employees [sic] base salary.

10. Plaintiff began working in her position as the Director of the Colorado River Union High School District Academy on July 1, 2015.

11. On or about July 16, 2015, Plaintiff provided a human resources employee of Defendant with a letter of resignation indicating that she accepted a position with another employer and that she would be resigning form her position with Defendant in two weeks.

12. After submitting her resignation letter Plaintiff continued to work regular hours, eight (8) hours per day, up to and including July 22, 2015.

13. Plaintiff used vacation days on July 23 and 24, 2015.

14. On July 24, 2015, Mr. Frei Superintendent informed Plaintiff that her employment was terminated and that she should no longer need to report to work.

15. That same day Plaintiff received a pay check for one dollar ($1.00) to compensate Plaintiff for wages earned and accrued between July 16 and July 24, 2015.

16. Plaintiff never provided the District with written authorization to make deductions from her paychecks.

17. Upon information and belief, the District transferred another District employee into Plaintiff's position (Director of the Colorado River Union High School District Academy) within two weeks after Plaintiff's last day of employment (July 24, 2015).

18. Upon information and belief, the District employee that replaced

- 3 -

Plaintiff as the Director of the Colorado River Union High School District Academy in August 2015 earned an annual salary roughly ten thousand dollars ($10,000.00) less than Plaintiff would have earned pursuant to the Employment Agreement ($59,558.28).

19. On or about August 10, 2015, Defendant's Governing Board voted to release Plaintiff from her Employment Agreement contingent upon payment of Liquidated Damages pursuant to the Employment Agreement.

20. On more than one occasion since July 24, 2015, the District has demanded that Plaintiff pay the District $5,909.84, the balance of amount the District believes it is owed pursuant to the Liquidated Damages provision [$8,933.74 or 15% of Plaintiff's annual salary of ($59,558.28), minus $3,023.90, the amount of wages the District admittedly withheld from Plaintiff's final paycheck].

21. Plaintiff disputes the enforceability of the Liquidated Damages provision in the Employment Agreement under Arizona law.

22. Plaintiff claims that she is owed the $3,023.00 in wages that were deducted from the final paycheck she received on July 24, 2015, and further claims that the District owes her payment for accrued and unused vacation time equal to $2,776.48.

23. On January 15, 2016, Plaintiff served Defendant's Governing Board President (Lori Crampton) and Secretary (Terri Mohn) with her Notice of Claim pursuant to A.R.S. §12-821.

24. As of the filing of this Complaint Defendant has not responded to Plaintiff's Notice of Claim.

25. Defendant knew or should have known that Plaintiff did not receive at least the applicable state or federal minimum wage rate when it paid her one dollar for all the work hours she accrued between July 16 and July 22, 2015.

26. Defendant knew or should have known that the Liquidated Damages

provision in the Employment Agreement was not enforceable.

27. Defendant knew or should have known that it was violating Plaintiff's rights under the AMWA and the FLSA when it failed to pay her at least at least the applicable state or federal minimum wage rate when it paid her one dollar for all the work she performed between July 16 and July 24, 2015.

28. Defendant knew or should have known that it was violating Plaintiff's rights under the AWA by withholding and/or deducting Plaintiff's wages without Plaintiff's written authorization.

## FIRST CAUSE OF ACTION
## (FLSA-Minimum Wages)

29. Plaintiff incorporates by reference Paragraphs 1 through 28 of this Complaint as if specifically set forth herein.

30. By failing to pay Plaintiff at all for certain hours of work at the applicable federal minimum wage, Defendants violated her rights under the FLSA, including but not limited to, 29 U.S.C. §206.

31. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the FLSA.

## SECOND CAUSE OF ACTION
## (AMWA-Minimum Wages)

32. Plaintiff incorporates by reference Paragraphs 1 through 31 of this Complaint as if specifically set forth herein.

33. By failing to pay Plaintiff at all for certain hours of work at the applicable minimum wage under Arizona law, Defendants violated her rights under the AMWA, including but not limited to, A.R.S. §23-363.

34. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the AMWA.

///

///

## THIRD CAUSE OF ACTION
### (AWA-Wages)

35. Plaintiff incorporates by reference Paragraphs 1 through 34 of this Complaint as if specifically set forth herein.

36. By making deductions from Plaintiff's wages without her prior written authorization and failing to pay Plaintiff for accrued and unused vacation time, Defendants violated her rights under the AWA, including but not limited to, A.R.S. §§23-352 and 23-353.

37. Defendants' failure to pay Plaintiff for all hours of work was knowing, willful, and in reckless disregard of her rights under the AWA.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

38. Plaintiff incorporates by reference Paragraphs 1 through 37 of this Complaint as if specifically set forth herein

39. An actual controversy has arisen and now exists between the parties concerning the enforceability of the Liquidated Damages provision in the Employment Agreement.

40. A judicial declaration is necessary and appropriate at this time to enable the parties to ascertain their rights and duties to each other.

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

A. Declare that Defendant violated the FLSA and/or AMWA by failing to pay Plaintiff minimum wages for all hours of work;

B. Declare that Defendant violated the AWA by failing to pay Plaintiff all wages earned;

C. Award Plaintiff payment for all unpaid wages;

D. Award Plaintiff liquidated and/or treble damages in an amount equal to her unpaid wages;

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

F.   Order Defendant to pay reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b), A.R.S. § 12-341.01 and/or A.R.S. §23-364;

G.   Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

H.   Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

I.   Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

**JURY DEMAND**

Plaintiff waives her right to a jury trial and requests a bench trial.

Respectfully submitted this 31th day of March 2016.

                Hernandez Law Firm, PLC

                By:   /s/ Isaac P. Hernandez
                     Isaac P. Hernandez
                     Attorney for Plaintiff

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933